IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

J.F. AND D.F., MINORS, *et al.*,

    Plaintiffs,

v.                                    Case No.: GJH-16-2177

CORRECT CARE SOLUTIONS, LLC, *et al.*,

    Defendants.

## MEMORANDUM OPINION

This case arises from the death of Melissa Mae Benton, which occurred while she was at the St. Mary's County Detention Center on October 13, 2013. Plaintiffs, Ms. Benton's parents and three children, assert multiple claims alleging that the Defendants were negligent in their care of Ms. Benton, and that Plaintiffs have suffered, among other damages, "mental anguish, [and] emotional pain and suffering" resulting from the death of Ms. Benton. ECF No. 4 at 28, 31.[1] In the course of discovery, Defendants sought to have Plaintiffs Craig Benton and Brittany Fleshman (Ms. Benton's father and daughter, respectively) examined by a mental health professional regarding their claims of mental and emotional damages.[2] ECF No. 58 at 3. Plaintiffs refused to consent to these examinations, and the Defendants filed a Motion for Rule 35 Mental Examination of Plaintiffs Craig Benton and Brittany Fleshman, ECF No. 58. Plaintiffs have opposed the Motion, ECF No. 60, and the Defendants have replied, ECF No. 62. No

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[2] The parties do not dispute that mental examinations by Defendants' expert are appropriate as to the other Plaintiffs, as Plaintiffs have indicated that their mental health experts will testify regarding the emotional distress sustained by the three other Plaintiffs (Ms. Benton's mother and other two children).

hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion is granted.

I. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 35(a) allows a court to "order a party whose mental or physical condition . . . is in controversy to submit to a . . . mental examination by a suitably licensed or certified examiner." Where a plaintiff asserts a claim or damages of "emotional distress," a mental examination is not necessarily warranted, depending on the degree of severity of the alleged distress. *See Ricks v. Abbott Labs.*, 198 F.R.D. 647, 649 (D. Md. 2001). Where a plaintiff asserts "garden-variety" emotional distress,[3] the "trier of fact . . . does not need help understanding the ordinary grief, anxiety, anger, and frustration that any person feels when something bad occurs." *Id. See also Machie v. Manger*, No. 09-2196, 2012 WL 2092814, at *6 (D. Md. June 7, 2012). In these instances, "the likely benefit of a mental examination is minimal" but the burden of a mental examination "involves an intrusion upon the privacy of the subject" and is substantial. *Id.* On the other hand, "[w]hen emotional distress is unusually severe or alleged in clinical terms, or when another party intends to offer expert testimony about the distress, the testimony of an expert would help the trier of fact understand the nature, severity, and characteristics of the emotional distress." *Id.*

To determine whether an allegation of emotional distress puts a plaintiff's mental condition "in controversy," courts look to whether:

> (1) the plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) the plaintiff has claimed unusually severe emotional distress; (3) the plaintiff has alleged a specific type of disorder or other psychiatric injury; (4) the plaintiff has offered her own expert testimony to supplement her claim of

---

[3] The use of this phrase "garden-variety" is not meant to diminish the pain caused by the loss of a loved one; but, rather is meant to indicate the high degree of empathy that all individuals—lay or expert—would normally have for someone who has lost a family member.

2

emotional distress; or (5) the plaintiff concedes that her medical condition is "in controversy" pursuant to Rule 35.

*Machie*, 2012 WL 2092814, at *6 (citing *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995)).

## II. DISCUSSION

Plaintiffs argue that Craig Benton and Brittany Fleshman's mental conditions are not in controversy because they only assert "garden-variety" emotional distress that any family member would feel upon the death of a child or parent. ECF No. 60 at 5. Defendants, on the other hand, urge that Benton and Fleshman describe "extreme grief" in their interrogatory responses, and that the severity of this emotional distress places their mental conditions in controversy, warranting a Rule 35(a) examination.

As discussed above, a plaintiff's mental condition is in controversy if the plaintiff claims "unusually severe emotional distress" beyond the sort of "garden-variety" distress that a lay juror could readily assess. In determining whether emotional distress meets this threshold, other courts have considered whether a plaintiff claimed to have suffered physical effects from the emotional distress, whether the plaintiff sought medical treatment, and whether a medical professional suggested or prescribed medication. *See Ortiz v. Potter*, No. 08-1326, 2010 WL 796960, at *4 (E.D. Cal. Mar. 5, 2010) (ordering a mental examination where plaintiff suffered "anxiety, depression" and physical symptoms including "clenching of her jaw . . . high blood pressure, migraine headaches, and chest pains"); *Kob v. Cty. of Marin*, No. 07-2211, 2009 WL 3706820, at *3 (N.D. Cal. Nov. 3, 2009) (ordering mental examination where plaintiff sought psychological counseling, took medication for depression, and suffered physical ailments); *Javeed v. Covenant Med. Ctr., Inc.*, 218 F.R.D. 178, 179–80 (N.D. Iowa 2001) (ordering a mental examination where plaintiff "sought treatment and considered antidepressant medication" and experienced physical

3

symptoms including "weight loss and weight gain, insomnia, rashes, diarrhea, and some panic attacks").

Here, Mr. Benton and Ms. Fleshman's interrogatory responses and depositions indicate that as a result of their emotional anguish they sought medical attention, were prescribed antidepressant medications, and suffered physical symptoms. In his Answers to Defendants' Interrogatories, ECF No. 59-1, Mr. Benton claims that he suffered "extreme grief," which has resulted in "a variety of physical manifestations . . . including trouble sleeping and fatigue." *Id.* at 3. He was "examined and treated for depression by his primary care provider" and was prescribed "antidepressant medication." *Id.* at 4. In his deposition, he clarifies that he was prescribed Amitriptyline, an antidepressant, which he was taking from 2014 until at least the time of his deposition in November 2017. ECF No. 59-2 at 2.

In her Answers to Defendants' Interrogatories, ECF No. 59-3, Ms. Fleshman claims that she suffered "extreme grief," which has resulted in "a variety of physical manifestations . . . including her inability to sleep at night." *Id.* at 3. She "spoke with her primary care doctor" who "diagnosed her with anxiety and depression" and "prescribed Paxil to address these issues." *Id.* at 4. In her deposition, Ms. Fleshman explained that Paxil is an antidepressant but that she only took it approximately once, because she did not like how it made her feel. ECF No. 59-4 at 2. Additionally, Ms. Fleshman regularly saw a mental health professional for approximately "once a week" for approximately a year in 2004. *Id.*

The emotional distress suffered by Mr. Benton and Ms. Fleshman is more than the "garden-variety" distress that lay persons are able to easily assess. Mr. Benton and Ms. Fleshman both sought help from medical professionals for their emotional distress, were diagnosed or treated for depression (and, in the case of Ms. Fleshman, anxiety), were prescribed

4

antidepressants, and suffered physical manifestations of their emotional distress. This qualifies as a claim of severe emotional distress, putting Mr. Benton and Ms. Fleshman's mental condition in controversy, and warranting a Rule 35(a) mental examination. Thus, Defendants' motion, ECF No. 58, is granted.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Rule 35 Mental Examination of Plaintiffs Craig Benton and Brittany Fleshman, ECF No. 58, is granted. A separate Order shall issue.

Date: March 9, 2018

GEORGE J. HAZEL
United States District Judge